UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE K. TRAINOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 09-10349-DJC |
| ) | |
| HEI HOSPITALITY LLC, ) | |
| HEI HOSPITALITY MANAGEMENT LLC, ) | |
| and MERRITT HOSPITALITY LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                April 14, 2011

On March 30, 2011, after an eight-day trial, a jury found that Plaintiff Lawrence Trainor ("Trainor") had proved by a preponderance of the evidence that Defendants (collectively "HEI") retaliated against Trainor for complaining to HEI and/or filing a complaint with the Massachusetts Commission Against Discrimination ("MCAD") alleging age discrimination. Jury Verdict at 1.[1] The jury also found, in response to a special verdict question, that when HEI committed retaliation, it knew or had reason to know that its actions violated Massachusetts law. Id. at 2.

Before the Court is Trainor's Motion for the Assessment of Multiple or Punitive Damages Pursuant to Mass. G. L. c. 151B. Section 9 of Chapter 151B provides in relevant part:

> Any person claiming to be aggrieved by a practice concerning age discrimination in employment made unlawful by section four may bring a civil action . . . . If the court finds for the petitioner, recovery shall be in the amount of actual damages; or up to three, but not less than two, times such amount if the court finds that the act or

---

[1] The jury found that Trainor had not proved by a preponderance of the evidence that HEI discriminated against him because of his age. Jury Verdict at 1.

1

>practice complained of was committed with knowledge, or reason to know, that such act or practice violated the provisions of said section four.

Mass. G. L. c. 151B, § 9. Section 4, in turn, states in relevant part:

>It shall be an unlawful practice . . . (f)or any . . . employer . . . to discharge, expel or otherwise discriminate against any person because he has opposed any practice forbidden under this chapter or because he has filed a complaint [with the MCAD].

Mass. G. L. c. 151B, §4(4). At issue is whether a jury finding of a knowing act of retaliation for complaining about age discrimination, <u>without</u> an accompanying jury finding of an act of age discrimination, triggers multiple damages under section 9 of Chapter 151B.[2]

The Court holds that it does. Section 4(4) prohibits retaliating against employees for complaining about employment discrimination. Mass. G. L. c. 151B, § 4(4). Retaliation against an employee for complaining about age discrimination is, necessarily, a "practice concerning age discrimination in employment made unlawful by section four," Mass. G. L. c. 151B, § 9; to be more precise, it is the <u>only</u> "practice concerning age discrimination" made unlawful by subsection four of that section. Mass. G. L. c. 151B, § 4(4). An act of retaliation against an employee for complaining about age discrimination is thus sufficient, when committed by an employer who knew or had reason to know that the act was in violation of Mass. G. L. c. 151B, § 4, to trigger multiple damages under Mass. G. L. c. 151B ,§ 9, whether or not it is accompanied by a finding of age discrimination. Trainor is therefore entitled to multiple damages.[3]

---

[2] It appears that this particular issue has not yet been squarely addressed by case law. <u>See</u> Def.'s Reply in Opp. (#101-1) at 1 n.1 ("[T]here is no case law holding that the multiple damages provision of M.G.L. c. 151B, § 9 applies to a retaliation claim, and . . . § 9 does not explicitly refer to retaliation claims").

[3] Because a plaintiff cannot receive both multiple and punitive damages under Mass. G. L. c. 151B, § 9, <u>Fontaine v. Ebtec Corp.</u>, 415 Mass. 309, 321-322 (1993), the Court need not reach Trainor's argument in the alternative regarding punitive damages under state law.

Given the applicability of Mass. G. L. c. 151B, § 9 here, the Court must at least double but not more than treble the actual damages award. Mass. G. L. c. 151B, § 9. Based on the facts and circumstances of the case and the jury's special verdict, the Court doubles the actual damages award.

**So ordered.**

/s/ Denise J. Casper

United States District Judge